JOURNAL ENTRY AND OPINION
Defendant-appellant Dennis D. Kennedy (Kennedy) appeals from the trial court's denial of his motion to add new-party defendants Niche Systems 
Support Inc. (Niche), Robert Sutter, Jr. (Sutter), and Neurological Clinical Medical Group (NCMG), via a counterclaim. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that plaintiff-appellee Glenn Sippola (Sippola) filed the action sub judice on December 29, 1998, alleging breach of contract stemming from the defendant's design of a computer software program and unjust enrichment for the amount paid under the contract. On February 8, 1999, defendant, acting pro se, filed an answer and counter-complaint against Mr. Sippola for breach of contract and fraud. On February 16, 1999, defendant, pro se, filed a motion to add additional parties to the previously filed answer and counterclaim. See motion to add additional parties.
On March 9, 1999, represented by counsel for appellant, the defendant filed an answer and counterclaim against plaintiff and new party defendants seeking compensation in addition to the stated contract price for additional work performed for plaintiffs, which additional work benefitted the proposed new party defendants. See Civ.R. 13(H). Service of the answer and counterclaim was attempted pursuant to Civ.R. 4, et seq. The answer did not assert the affirmative defense of lack of joinder pursuant to Civ.R. 12(B)(7). On March 12, 1999, defendant withdrew his previously filed pro se pleading(s) and motion to add new parties.
On April 21, 1999, plaintiff-Sippola filed his answer to defendant's March 9, 1999, counterclaim. Also on that date, Sippola filed a separate motion to dismiss the counterclaim against the putative new party defendants. The basis of this motion is stated therein as follows:
 Defendant Dennis Kennedy * * * has filed a document entitled Answer and Counterclaim against Plaintiff and New Party Defendants (the Kennedy Pleading). In addition to responding to the allegations of Plaintiff's complaint * * * , and in addition to filing a counterclaim against Plaintiff * * * , the Defendant has filed a so-called counterclaim against so-called new party defendants.
 However, prior to the filing of the Kennedy Pleading, these so-called new party defendants were never parties to this action.
 In short, without moving to add Niche, Sutter and NCMG as parties to this action in the proper procedural manner,[1] the Defendant has filed a "counterclaim"[2] against them. In light of the foregoing procedural irregularities, the Defendant has failed to assert a proper legal claim against Niche, Sutter and NCMG. Accordingly, all portions of the Kennedy Pleading purporting to asserting claims against Niche, Sutter, NCMG must be dismissed by this Court.
On April 30, 1999, defendant filed a motion to add new party defendants Niche, Sutter and NCMG, alleging without elaboration or explanation that these parties were needed in order to have a just adjudication of his claim pursuant to Civ.R. 19. That same date, Niche, Sutter and NCMG filed a brief opposing adding them as new party defendants.
Without opinion or elaboration, and using a half-sheet status form order on June 23, 1999, the trial court (1) granted the motion to dismiss the counterclaim against the new party defendants and (2) denied the motion to add new parties.
Defendant filed his notice of appeal on July 23, 1999, from the order of June 23, 1999. This notice of appeal was dismissed for lack of a final appealable order pursuant to R.C. 2505.02. See Sippola v. Kennedy (Sept. 2, 1999) Cuyahoga App. No. 76727, unreported.
The case proceeded to a jury trial commencing on September 21, 1999. On September 24, 1999, the jury returned a verdict in favor of defendant-Kennedy on breach of contract, and in favor of plaintiff-Sippola on defendant's counterclaim. On October 12, 1999, plaintiff filed a motion for judgment notwithstanding the verdict (which was denied as untimely on November 3, 1999).
Defendant-Kennedy filed the notice of appeal sub judice on October 25, 1999, from the final order of September 24, 1999.
The lone assignment of error presented for review provides the following:
 THE COURT ERRED IN DISMISSING NEW PARTIES FROM DEFENDANT'S COUNTERCLAIM WHICH AROSE OUT OF THE SAME TRANSACTION FORMING THE BASIS OF THE COMPLAINT.
Appellant, in arguing that his attempt to add additional parties was procedurally proper, initially relies upon Civ.R. 13(H), which states:
 (H) Joinder of additional parties. Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rule 19, Rule 19.1, and Rule 20.
 Such persons shall be served pursuant to Rule 4 through Rule 4.6. (Italicization added.) Thus, pursuant to Civ.R. 13(H), additional persons may be joined as parties through their being named in a counterclaim, but such joinder must meet the requirements of Civ.R. 19, 19.1, or 20.
Civ.R. 19, which relates to the joinder of persons needed for a just adjudication of the action, provides:
 (A) Persons to be joined if feasible A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subroger, or subrogee. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7). If the defense is not timely asserted, waiver is applicable as provided in Rule 12(G) and (H).
 If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. In the event that such joinder causes the relief sought to exceed the jurisdiction of the court, the court shall certify the proceedings in the action to the court of common pleas.
 (B) Determination by court whenever joinder not feasible
 If a person as described in subdivision (A)(1), (2), or (3) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
 (C) Pleading reasons for nonjoinder A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (A)(1), (2), or (3) hereof who are not joined, and the reasons why they are not joined.
 (D) Exception of class actions This rule is subject to the provisions of Rule 23. (Italicization added.) Civ.R. 19.1, which relates to compulsory joinder, provides:
(A) Persons to be joined
 A person who is subject to service of process shall be joined as a party in the action, except as provided in division (B) of this rule, if the person has an interest in or a claim arising out of the following situations:
 (1) Personal injury or property damage to the person or property of the decedent which survives the decedent's death and a claim for wrongful death to the same decedent if caused by the same wrongful act;
 (2) Personal injury or property damage to a husband or wife and a claim of the spouse for loss of consortium or expenses or property damage if caused by the same wrongful act;
 (3) Personal injury or property damage to a minor and a claim of the parent or guardian of the minor for loss of consortium or expenses or property damage if caused by the same wrongful act;
 (4) Personal injury or property damage to an employee or agent and a claim of the employer or principal for property damage if caused by the same wrongful act.
 If he has not been so joined, the court, subject to subdivision (B) hereof, shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7). If the defense is not timely asserted, waiver is applicable as provided in Rule 12(G) and (H). If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. In the event that such joinder causes the relief sought to exceed the jurisdiction of the court, the court shall certify the proceedings in the action to the court of common pleas.
(B) Exception to compulsory joinder.
 If a party to the action or a person described in subdivision (A) shows good cause why that person should not be joined, the court shall proceed without requiring joinder.
(C) Pleading reasons for nonjoinder.
 A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (A)(1), (2), (3), or (4) hereof who are not joined, and the reasons why they are not joined.
(D) Exception of class actions.
 This rule is subject to the provisions of Rule 23. (Italicization added.) Civ.R. 20, which relates to permissive joinder, provides:
(A) Permissive joinder
 All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.
(B) Separate trials
 The court may make such orders as will prevent a party from being prejudiced, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent prejudice or delay.
In the action sub judice, defendant-appellant did not assert in his answer the defense of failure to join a party as provided in Civ.R. 12(B)(7). Thus, waiver of joinder, pursuant to Civ.R. 12(G) and (H)(2), is expressly applicable by virtue of the language of Civ.R. 19(A) and 19. 1(A). Compulsory joinder pursuant to Civ.R. 19 and 19.1 provides no refuge on appeal due to the waiver of the issue. Accordingly, the trial court did not abuse its discretion in dismissing the attempted joinder of parties based upon Civ.R. 19 and 19.1.
As to permissive joinder pursuant to Civ.R. 20, it is not apparent from the face of the counterclaim that complete relief was not available from plaintiff-Sippola without the joinder of the three other parties. The counterclaim simply alleged relief from Sippola and the three other parties jointly as a group. See counterclaim at paragraphs 6-12. Certainly, these three other parties do not claim an interest in the subject matter of the complaint. We find no abuse of discretion by the trial court in not joining these three other parties pursuant to Civ.R. 20.
Since relief pursuant to Civ.R. 19, 19.1, and 20, have been found to be without merit, we necessarily conclude that failure to join the three parties pursuant to Civ.R. 13(H) was not an abuse of discretion.
Assignment overruled.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
 ______________________________ JAMES D. SWEENEY, JUDGE
TIMOTHY E. McMONAGLE, J., and MICHAEL J. CORRIGAN, J., CONCUR.
[1] See Ohio Civ.R. 19. The Defendant has also failed to assert lack of joinder as an affirmative defense. Ohio Civ.R. 12(B)(7).
[2] Even the use of the term `counterclaim' in this context is entirely improper. None of Niche, Sutter or NCMG has filed any action against the Defendant. Accordingly, the use of the term `counterclaim' as it applies to Niche, Sutter and NCMG makes absolutely no sense.